UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
F I L E D
AUG 1 2 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 04-281-GWU

MICHAEL ALFORD,            PLAINTIFF,

VS:       MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,      DEFENDANT,

## INTRODUCTION

Michael Alford brought this action to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. The case is before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

1. Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

2. Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

3. Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4. Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5. Does the claimant have any impairment or combination of

1

impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6. Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7. Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health

2

and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through

3

the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b), 416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the

4

lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Alford, a 39 year-old former service station attendant, apartment manager, service station cashier and kitchen helper with a high school education, suffered from impairments related to hypertension, diabetes mellitus, hyperlipidemia, left ventricular hypertrophy and obesity. (Tr. 14, 19). While the plaintiff was found to be unable to return to his past relevant work, the ALJ determined that he retained the residual functional capacity to perform a restricted range of light level work. (Tr. 24). Since the available work was found to constitute a significant number of jobs in the national economy, the claimant could not be considered totally disabled. (Tr. 25). The ALJ based this decision, in large part, upon the testimony of a vocational expert. (Tr. 23).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

5

The hypothetical question presented to Vocational Expert Katherine Bradford included an exertional limitation to light level work along with such non-exertional restrictions as (1) an inability to perform work requiring more than simple, non-detailed tasks; (2) an inability to perform work involving more than casual and infrequent contact with the public or co-workers; (3) a limitation to work involving only direct and non-confrontational supervision; and (4) a limitation to work involving only infrequent and gradually introduced work place changes. (Tr. 432). In response, the witness identified a significant number of jobs which could still be performed. (Tr. 432). The ALJ then presented a question including such mental limitations as a "moderate" limitation of ability to (1) deal with the public; (2) respond appropriately to routine changes in a work setting; (3) work in coordination with others; (4) travel in unfamiliar places or use public transportation; and (5) perform within a schedule, maintain regular attendance, and be punctual within customary tolerances. (Tr. 433). The witness reported that all of the previously-cited jobs could still be done. (Tr. 433). Therefore, assuming that the vocational factors considered by Bradford fairly depicted Alford's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

With regard to the framing of the physical factors of the hypothetical question, the undersigned can find no error. Alford was found capable of performing a restricted range of light level work in an administrative decision which became final on January 17, 2002. (Tr. 35-45). Principles of res judicata require that the administration be bound by this decision unless a change of circumstances is proved upon a subsequent application. Drummond v. Commissioner of Social Security, 126 F.3d 837, 842 (6th Cir. 1997). Acquiescence Ruling 98-3(6) instructs that the agency "must adopt [the residual

6

functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." The ALJ's findings of a restricted range of light level work is in accord with these directives.

The evidence of record does not suggest any change in Alford's physical condition. Dr. Christina Ford, an examining consultant, did not report the existence of physical limitations which would preclude performance of light level work in the assessment form she completed. (Tr. 381). The plaintiff's treating source at Appalachian Regional Healthcare (Tr. 137-254) did not identify more severe physical restrictions than those presented in the hypothetical question. Dr. Lynnell Dupont, a non-examining medical reviewer, did not believe that Alford's physical problems were "severe." (Tr. 370). Therefore, the ALJ dealt properly with the evidence of record relating to the claimant's physical condition.

The ALJ also dealt properly with the evidence of record relating to Alford's mental condition. The initial question was essentially compatible with mental restrictions identified by Psychologist William Rigby which included a "fair" ability to relate to others including co-workers and supervisors and tolerate the stress and pressures of work activity. (Tr. 127). The alternative question was consistent with the mental restrictions identified by Psychologists Edward Ross (Tr. 347-348) and Ilze Sillers (Tr. 366-367), the non-examining medical reviewers. The plaintiff's treating source at the Cumberland River Comprehensive Care Center did not report the existence of more severe mental restrictions than those found by the ALJ. (Tr. 255-331). On several occasions, vocational rehabilitation was recommended by Dr. E. Eskander, a staff psychiatrist. (Tr. 269, 279, 283). This suggests that Dr. Eskander did not

7

believe that the claimant was totally disabled. Therefore, substantial evidence supports this portion of the administrative decision.

Alford argues that the ALJ erred in relying upon the vocational testimony. The plaintiff states that the jobs cited by Bradford, such as product inspector, production machine operator, product assembly and general production worker would all require more supervisor confrontation and involve more stress than permitted by the ALJ's findings. However, the vocational expert identified these jobs in response to a proper hypothetical question. The claimant has cited no specific authority to impeach this testimony. Alford's representative did not question Bradford's credentials as a vocational expert at the hearing. (Tr. 431). Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _12_ day of August, 2005.

                                                  G. WIX UNTHANK
                                                  SENIOR JUDGE